# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE SCOTT,

    Petitioner,

  vs.

M.C. KRAMER, et al.,

    Respondents.

                               /

No. CIV S-08-0979-LKK-CMK-P

FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. Pending before the court is respondents' motion to dismiss (Doc. 18) the petition as untimely.

## I.  BACKGROUND

        Petitioner was sentenced to 17 years in prison following his conviction for first degree burglary.  Petitioner claims that his due process rights were violated in connection with a prison disciplinary proceeding in which he was found guilty of battery on an inmate resulting in serious injuries.  The record reflects that petitioner sought administrative review through the prison grievance process, which concluded with a denial of his claim on July 19, 2006.  He then

1

sought habeas relief in the Sacramento County Superior Court via a petition filed almost six months later on January 10, 2007.  The case was transferred to the Solano County Superior Court, which denied relief on May 21, 2007.  Petitioner then filed a habeas petition in the California Court of Appeal on June 18, 2007, which was denied on June 21, 2007.  Almost eight months later, petitioner filed a habeas petition in the California Supreme Court on February 13, 2008, which was denied on March 12, 2008.  Petitioner filed a second petition in the California Supreme Court on March 27, 2008, which was denied as successive on April 16, 2008.  Petitioner filed the instant federal petition on May 6, 2008.

## II.  DISCUSSION

Respondents argue that the federal petition is untimely.  Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).  In cases challenging prison disciplinary proceedings, the limitation period begins to run the day after the petitioner receives notice of final denial of his administrative appeals.  See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).  There is a presumption, which the petitioner may rebut, that notice was received the day the denial was issued.  See Valdez v. Horel, 2007 WL 2344899 (E.D. Cal. 2007).

///

///

///

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 127 S.Ct. 1079 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

In this case, it is presumed that petitioner received notice of the denial of his administrative appeal on the date the denial was issued – July 19, 2006. While petitioner argues that, due to prison mail procedures, he did not receive notice until some time latter and that he is entitled to an evidentiary hearing to determine when he received actual notice, petitioner offers no evidence to rebut the presumption that he received notice on July 19, 2006.

Petitioner initially points out that the state court petition filing dates outlined by respondent are not correct. First, he argues that, under the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), his first state petition was filed on December 20, 2006, not January 10, 2007. Second, he argues that the "mailbox rule" yields a June 13, 2007, filing date for his

petition in the Court of Appeal. Third, as to the first California Supreme Court petition, he says that, under the "mailbox rule," the correct filing date is January 17, 2008. The court will accept these dates.

As to the delay between denial of his administrative appeal and filing his first state habeas petition, petitioner argues that he is entitled to equitable tolling. Because the statute of limitations under AEDPA is not jurisdictional, it is subject to traditional equitable tolling principles. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408 (2005). Petitioner argues that, due to medical problems, he was unable to file his various state court actions any sooner. In particular, he states that he was suffering from a broken right hand and associated pain between January 4, 2005 and November 21, 2006, when he finally received surgery which "relieve[d] his chronic pain and suffering." Petitioner does not, however, state how his hand injury prevented him from filing the first state petition. The court notes an exhibit attached to petitioner's opposition indicating that he was provided Neurontin for pain. Petitioner also does not establish diligence in that he has not demonstrated any attempts to seek staff or inmate assistance in preparing the state petition. The court finds that plaintiff's hand injury does not constitute the "extraordinary circumstances" required for equitable tolling.

Accepting petitioner's argument that his first state habeas petition was considered filed on December 20, 2006, and presuming that the statute of limitations began to run the day after he received notice of denial of his appeal on July 19, 2006, five months of the one-year limitation period had expired before the first state petition was filed. That petition was denied in May 2007 and, again accepting petitioner's dates, petitioner filed his second petition in the Court of Appeal in a timely manner on June 13, 2007, which was denied just a few days later on June

1  21st.  Therefore, petitioner is entitled to statutory tolling for the period between December 20,
2  2006, and June 21, 2007.

3  Regarding the delay between June 21, 2007, when his second petition was denied
4  and January 17, 2008, when petitioner states he filed his third petition in the California Supreme
5  Court, petitioner also argues that he is entitled to equitable tolling.  As to this period, he states
6  that the prison was on lock-down from April 15, 2007, through the end of that year.  He states
7  that this lock-down "impeded his access" to the law library.  He also contends that, during this
8  same period of time, the prison law library was "woefully deficient" due to replacement of the
9  senior law librarian and lack of access to trained staff.  The court finds that these allegations do
10 not entitle petitioner to equitable tolling.  In particular, petitioner complains of lack of access to
11 adequate law library facilities but does not explain why he needed such access to file the third
12 state court petition given that he had been able to successfully file prior petitions in the Superior
13 Court and Court of Appeal.  Nor has petitioner outlined any steps he took to attempt to obtain
14 assistant in filing the third petition despite the lock-down and alleged deficiencies with the law
15 library.  Therefore, the statute of limitations continued to run for the nearly seven-month period
16 between June 21, 2007, and January 17, 2008, nearly exhausting the one-year limitation period.

17 With respect to the second petition filed in the California Supreme Court, the
18 court agrees with respondents that it was not properly filed because it was successive.  Therefore,
19 petitioner is not entitled to any tolling incident to the second California Supreme Court petition
20 and the statute of limitations clock ran without any tolling from March 12, 2008, when the first
21 California Supreme Court petition was denied through May 6, 2008, when the instant federal
22 petition was filed.  Because the one-year limitation period expired during this period, the federal
23 petition is untimely and should be dismissed.
24 / / /
25 / / /
26 / / /

5

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondents' motion to dismiss (Doc. 18) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 2, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE