**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| MAURICE SCOTT, | No. CIV S-08-0979-LKK-CMK-P |
| Petitioner, | |
| vs. | <u>ORDER</u> |
| M.C. KRAMER, | |
| Respondent. | |

_____/

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On January 5, 2009, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time.  Timely objections to the findings and recommendations have been filed. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de</u> <u>novo</u> review of this case.  Having carefully reviewed the entire file, the court declines to adopt the findings and recommendations.

Defendant has moved to dismiss on the grounds that plaintiff's petition is untimely. As

1

1  the magistrate judge set forth, there is a one-year limitations period for the filing of habeas

2  corpus petitions in federal court. 28 U.S.C. § 2244(d). Here, petitioner does not contest that his

3  petition was filed more than one year after the adverse disciplinary decision that is the basis of

4  his petition. He argues, however, that he is entitled to equitable tolling for two relevant periods.

5  As the magistrate judge explained, the one-year limitations period under AEDPA may be

6  equitably tolled where petitioner has demonstrated diligence in pursuing his rights and that

7  extraordinary circumstances prevented him from filing on time. Pace v. DiGuglielmo, 544 U.S.

8  408, 418 (2005); Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008). Deprivation of legal materials

9  is one type of impediment that merits equitable tolling. Lott v. Mueller, 304 F.3d 918, 924-25

10  (9th Cir. 2002); Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006) (unavailability of

11  Spanish-language materials in prison law library, despite petitioner's seeking them out, was

12  grounds for equitable tolling); see also Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.

13  2000) (en banc) (stating in dicta that inability to access a copy of AEDPA in the prison law

14  library might be grounds for tolling). Moreover, lack of access to the prison law library may also

15  be the basis for tolling. Mendoza, 449 F.3d at 1070-71.

16  Although petitioner bears a heavy burden to prove that equitable tolling is warranted,

17  Lott, 304 F.3d at 924, that burden has been met here. First, petitioner contends that between July

18  19, 2006 and December 20, 2006, the dates at which his administrative claim was denied and he

19  filed his first petition in state superior court, he had a hand injury that "made it impossible for

20  him to prepare and file his petition on time." Pet.'s Opp'n to Def.'s Mot. to Dismiss at 9.

21  The magistrate judge concluded that petitioner had not met his burden to show that the

22  injury actually impeded his ability to draft his petition or that he had demonstrated diligence by,

23  for example, seeking assistance from staff or another inmate. The court cannot agree. Petitioner

24  tendered evidence that in May 2006 he was experiencing pain in his right hand and wrist, the

25  hand that he uses to write. See Pet.'s Objections to Magistrate Judge's Findings and

26  Recommendations at 1; Pet.'s Opp'n to Def.'s Mot. to Dismiss at 70 (medical report of May 10,

2006). This was diagnosed as a "prominent bony mass," for which surgery was recommended. Pet.'s Opp'n to Def.'s Mot. to Dismiss at 70-71 (medical report of May 10, 2006). Surgery was scheduled for September 2006 and then delayed to November 16, 2006. Id. at 74, 78; Pet.'s Objections to Magistrate Judge's Findings and Recommendations Ex. E. As of December 11, 2006, his doctor reported that he had not yet begun physical therapy and that he experienced tenderness at the surgery site. Pet.'s Objections to Magistrate Judge's Findings and Recommendations Ex. F. Nine days later, he filed his first petition in state court.

Given this, the court concludes that petitioner is entitled to equitable tolling for at least some of this time. His delay in filing was not due to his own oversight or lack of diligence, but rather a medical condition that afflicted his writing hand. See Lott, 304 F.3d at 924-25 ("When external forces . . . account for the failure to file a timely claim, equitable tolling may be appropriate"). Additionally, although petitioner has not tendered direct evidence of his diligence during this time, the circumstances indicate it. His surgery occurred on November 16, 2006 and he filed his petition approximately a month later. His petition was filed mere days after his doctor reported that he was experiencing tenderness in his hand and that he had not yet begun physical therapy. Given that this suggests that at the time of his filing of his petition he was still in the beginning stages of recovery from surgery, the court believes petitioner has demonstrated diligence. Out of consideration for the strictness of the tolling standard, however, the court concludes that tolling is merited only from July 19, 2006 to November 16, 2006, the date of petitioner's surgery.

Petitioner has also demonstrated that he is entitled to tolling for part of the time between the denial of his petition by the state Court of Appeals on June 21, 2007 and his filing of his petition with the California Supreme Court on January 17, 2008. Petitioner has asserted that the prison was on lockdown during part of this period, impeding his access to the law library. The magistrate judge reasoned that petitioner had not shown why he needed access to the law library during that time nor that he was diligent in filing his petition with the California Supreme Court.

1    Again, the court respectfully disagrees. Lack of access to legal materials may give rise to

2    equitable tolling where the petitioner can show that the lack of access impeded his ability to file

3    his petition timely. See Lott, 304 F.3d at 924-25; Mendoza, 449 F.3d at 1069. Here, petitioner

4    had tendered evidence that he needed access to the law library in order to obtain paper,

5    envelopes, and copies needed to file his petition, as well as conduct legal research. See Pet.'s

6    Objections to Magistrate Judge's Findings and Recommendations Ex. I. He has tendered

7    evidence that there was a lockdown at his facility from April 15, 2007 until the end of the year.

8    Pet.'s Opp'n to Def.'s Mot. to Dismiss at 12. During at least part of that time, he has tendered

9    evidence in the form of a statement by Captain Baughman of CDCR that law library access was

10   also restricted due to the lack of a senior librarian and that petitioner had sought help from

11   CDCR to complete his habeas petition. Pet.'s Objections to Magistrate Judge's Findings and

12   Recommendations Ex. J. Finally, he has tendered evidence that from August 3, 2007 to

13   November 4, 2007, he lacked access to his legal papers due to his transfer. Id. Ex. K.

14   The magistrate judge questions why petitioner would need such access, given that he was

15   able to successfully file his June 13, 2007 petition, and also questions his diligence. As to the

16   latter point, the court disagrees that petitioner has not met his burden. The statement from

17   Captain Baughman that petitioner has tendered demonstrates that during the period in question --

18   i.e., after the denial of his petition by the court of appeals -- petitioner was seeking help from

19   staff in preparing his petition. See Pet.'s Objections to Magistrate Judge's Findings and

20   Recommendations Ex. J. This sufficiently shows petitioner's diligence in attempting to timely

21   file his petition.

22   The court agrees with the magistrate court's assessment, however, that petitioner's

23   successful filing of his second petition during the lockdown belies his contention that the

24   lockdown impeded his ability to file his third petition. However, the evidence that his legal files

25   were withheld from him from August 3, 2007 to November 4, 2007 is a different matter. This

26   impediment cannot be said to present the type of circumstance that an inmate is required, even

under AEDPA's stringent standards, to ignore. Instead, it represents the type of external event impeding his access to the most basic materials needed to file his petition, which warrants equitable tolling. Cf. Lott, 304 F.3d at 924-25.

Accordingly, excluding the time from July 19, 2006 to November 16, 2006 and August 3, 2007 to November 4, 2007 from the limitations period, petitioner's petition was timely filed.

It is hereby ORDERED that

1.     The court declines to adopt the Findings and Recommendations (Doc. No. 23);

2.     The case is REFERRED to the magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

DATED: August 21, 2009.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT